Filed & Entered
On Docket
09/27/06

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| | |
|---|---|
| IN RE: | ) |
| | ) |
| SANDY A. FERGUSON | ) Case No. 04-11455-cab |
| K. MICHAEL FERGUSON | ) *Chapter 7 Case* |
| Debtors. | ) |

**ORDER PURSUANT TO 11 U.S.C. 363(b) APPROVING THE SALE AS MORE OF THE DEBTOR-WIFE'S INTEREST IN THE MARVIN IRREVOCABLE UNITRUST AS MORE SPECIFICALLY SET FORTH IN THE NOTICE OF INTENT TO SELL DATED AUGUST 16, 2006**

This matter came before the Court on September 26, 2006 for consideration of the Notice of Trustee's Intent to Sell Certain Property Pursuant to 11 U.S.C. §363(b) (the "Notice of Intent") filed by Raymond J. Obuchowski, the Chapter 7 Trustee (the "Trustee"). After conducting an auction, and after having considered and overruled any procedural or substantive objection made by Arthur Unger, the Court makes the following findings of fact and conclusions of law and enters the following orders:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2), including, without limitation, 28 U.S.C. § 157(b)(2)(A), (N) and (0).

2. This is the Order as contemplated in the Notice of Intent.

3. The Trustee has complied with, and the auction of the property was conducted according to, the auction procedures as set forth in the Notice of Intent.

4. In accordance with the Notice of Intent, there was an adequate opportunity for all parties and interests to appear, be heard, and participate in the auction. Any objections to the Notice of Intent were heard and resolved.

5. The sale of the Debtor-Wife's interest, as listed on the Debtors' Schedule B as follows: "1/13 interest in Marvin Alexander charitable remainder unitrust. Value is 8% discounted cash flow to age 82 based on current distribution of $1,150/qtr. No remainder interest. $52,565.00" (the "Trust Interest"), to the highest bidder, Abdenour Achab, for the sum of $29,500.00 U.S. (the "Purchase Price") is approved, subject to the terms and conditions which follow:

    (a) The Purchase Price shall be paid to the Trustee by way of certified funds to be received by the Trustee no later than September 27, 2006 at 5:00p.m. Should Abdenour Achab be unable to perform said condition within the above time frame, the sale of the Trust Interest is authorized to proceed to Sidney Bellamy, the second highest bidder, for the sum of $29,000.00, with funds to be received by September 28, 2006 by 5:00p.m. or within 36 hours of notification from the trustee that he is now the successful bidder for this property, whichever later.

    (b) As per the terms of the Notice, the Trust Interest is that of the Bankruptcy Estate only and is sold "as is, where is", with no representations whatsoever by the seller.

6. Trustee shall transfer the Trust Interest to Abdenour Achab through a Trustee's Bill of Sale in a form and substance acceptable to Abdenour Achab and the Trustee of the Trust Interest, which must convey proper assignment, as defined by

applicable law.

7. Abdenour Achab is found to be a good faith purchaser within the meaning of §363(m) of the Bankruptcy Code and shall be entitled to the protection afforded a good faith purchaser pursuant to such section. Abdenour Achab has acted in good faith in connection with the sale and bidding process for the Personal Property.

8. The Trustee is authorized and directed to execute, deliver and carry out the terms of any and all documents and instruments that may be required, and undertake any action that may be required, and to undertake all such other steps as may be necessary, to effectuate the terms of this Order and the transfer of the Trust Interest to Abdenour Achab.

9. The Court shall retain jurisdiction for the purpose of enforcing the provisions of this Order and resolving any disputes. Notwithstanding F.R.Bank.P. 6004, this Order shall be effective and become operative and enforceable immediately upon entry. The Trustee may proceed to effectuate the directives of this Order, including the transfer of the Trust Interest to Abdenour Achab, notwithstanding that a party in interest may appeal this Order, so long as this Order has not been stayed.

DATED: September 27, 2006.

_____
Hon. Colleen A. Brown
United States Bankruptcy Judge